MERRITT, Com'r. v. DANIELS *et al.*[1]

1. PLEADINGS. Where a plaintiff entitled himself, "a commissioner appointed by the court for the purpose of collecting the notes and accounts which were placed in the hands of G. and C., assignees of W. B. & Co., for the use of the creditors" of said firm, in his petition in

1 *Merrick* v. *Shattuck & Dewey; The Same* v. *Dewey; The Same* v. *Carter & Shattuck,* and *The Same* v. *John M. & J. C Meng,* were in no wise different from this case, and were determined by the opinion herein.

Merritt, Comr., v. Daniels, et al.

an action on a note payable to said assignee, and the defendants answered denying that the plaintiff was the legal party in interest, it was held that a demurrer to the answer should have been overruled.

*Appeal from Linn District Court.*

TUESDAY, DECEMBER 20.

THE plaintiff, entitling himself a "commissioner appointed by the court for the purpose of collecting the notes and accounts which were placed in his hands by William Greene and S. D. Carpenter, assignees of Ward, Bryan & Co., for the use of the creditors of Ward, Bryan & Co., and in pursuance of said order, &c," brings suit against the defendants on a promissory note payable to "Wm. Greene and S. D. Carpenter, assignees of Ward, Bryan & Co."

The defendants answer making several defenses, and among others that the plaintiff was not the real party in interest, in the subject matter of the suit; that the note was the property of Ward, Bryan & Co., and that the plaintiff was in no way legally authorized to sue for the said Ward, Bryan & Co.

There was a demurrer to defendant's answer (except to so much thereof as admitted the making of the notes sued on), and this demurrer, after argument, was sustained by the court; and the defendants refusing to answer further, judgment was rendered against them for the amount claimed.

*Isbell, Hubbard & Stevens* for the appellant.

*I. M. Preston* for the appellee.

STOCKTON, J.—This judgment must be reversed. The answer was a denial of the plaintiff's property in the note, and of his right to sue thereon in his own name, or as " commissioner, &c." The demurrer admitted the facts pleaded, and taking them to be true, there was no right in the plaintiff to bring this suit. The issue tendered by the answer was, that the plaintiff was in no manner authorized to sue

upon the note for Ward, Bryan & Co.  He should have joined issue with the defendants upon their answer, and proved his authority to sue on the note in his own name as commissioner.

It is true the plaintiff avers in his petition that he is a commissioner appointed by the court to collect the notes and accounts placed in his hands by the assignees of Ward, Bryan & Co.; and that in pursuance of the order of the court, he brings suit, &c.  But the very question of the right of the plaintiff to sue in such manner, or by such authority is what the defendants seek to put in issue by their answer. The demurrer was an admission of plaintiff's want of authority thus to sue as averred in the answer, and should have been overruled.

Judgment reversed.